UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x
Abiodun ADESINA,

                Plaintiff,

    -against-                         MEMORANDUM AND ORDER
                                               06 - CV - 872

UNITED STATES of America,

                Defendant.

-----------------------------------------------------x

GLASSER, United States Senior District Judge

      Currently before the court is petitioner Abiodun Adesina's motion, pursuant to 28 U.S.C. § 2255 ("§ 2255"), to vacate, set aside, or correct the sentence of 41 months' incarceration imposed on him by this court on September 30, 2004, in the underlying criminal case of United States v. Adesina, 04-cr-370 (ILG).  Specifically, the petitioner argues that this court committed constitutional error by imposing a mandatory sentence within the range prescribed by the United States Sentencing Guidelines (the "Guidelines"), as directed by 28 U.S.C. § 3553(b)(1), which was subsequently held unconstitutional and excised from the Guidelines by the United States Supreme Court in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and seeks to have his sentence reduced to the "alternative" non-Guidelines sentence of 30 months that the court indicated it would have imposed but for the mandatory Guidelines range of 41-51 months that was found to apply to the petitioner at the time of his sentencing.  Although Mr. Adesina might prevail in his assertion of error should the court reach the merits of his petition, his motion must nevertheless be denied because

1

the petitioner knowingly and voluntarily waived his right to appeal or otherwise challenge the sentence imposed on him in the plea agreement that he entered into prior to his sentencing in the underlying criminal case. Because the settled law of the Second Circuit holds that a waiver of the right to appeal or otherwise challenge a sentence is effective even as to rights arising due to subsequent legal developments that the parties could not have anticipated at the time of the waiver, Mr. Adesina is deemed to have waived his right to challenge the court's sentence as applied under the formerly mandatory Guidelines, and his petition must be dismissed.

## BACKGROUND

On April 4, 2004, the petitioner arrived at John F. Kennedy International Airport in Queens, New York, aboard a British Airways flight from London, England. He presented a Nigerian passport and a tourist visa bearing the name "Bamidelle John Adesina," but a fingerprint check revealed the petitioner's true identity. Records of the Bureau of Immigration and Customs Enforcement ("ICE") further indicated that Mr. Adesina was the subject of an Order of Deportation issued by ICE on October 7, 1997, following the completion of an 84-month term of imprisonment upon conviction of conspiracy to possess with intent to distribute 1,859 grams of heroin in the Eastern District of Michigan. Pursuant to the terms of the Order of Deportation, the petitioner was prohibited from re-entering the United States without applying for and obtaining the consent of the United States Attorney General. ICE's records indicated that the petitioner had neither sought nor obtained such consent prior to his attempt to re-enter

the United States in April 2004.[1]

Mr. Adesina was arrested and charged in a one-count indictment which alleged that he, as an alien who had been removed from the United States subsequent to a conviction for commission of an aggravated felony, was found in the United States without the consent of the Attorney General, in violation of 8 U.S.C. § 1326(a) and (b)(2). On June 14, 2004, Mr. Adesina entered a plea of guilty to the single count of the indictment pursuant to a plea agreement entered into between the petitioner and the government. The plea agreement provided, inter alia, that Mr. Adesina would agree to plead guilty to the one count alleged in the indictment, in consideration of which the government agreed not to pursue further criminal charges on the basis of the facts underlying the charge alleged in the indictment, to take no position concerning where within the relevant Guidelines range Mr. Adesina's sentence should fall, and to refrain from moving for an upward departure. Paragraph four of the plea agreement provided that "[t]he defendant will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 57 months or below."

---

[1] The record of the underlying criminal action reflects Mr. Adesina's contention that his purpose in re-entering the United States was to visit his three children living in Michigan, whose mother, the petitioner's former girlfriend, allegedly refuses to permit the children to travel to Nigeria to visit the petitioner. The underlying record further indicates that Mr. Adesina was motivated to attempt to re-enter the United States in 2004 because the death of his mother due to diabetes in 2001, followed by his own subsequent diagnosis of the same disease, led him to be concerned about his health and to question whether he would ever see his children in the United States again. The transcript of the sentencing hearing indicates that at that time, Mr. Adesina's wife in Nigeria was expecting their first child, and Mr. Adesina alleged at various points in the underlying record that his intention in April 2004 was to visit his children in Michigan for a short time, and then to return to his job and family in Nigeria. While these representations were not offered as sworn testimony and were not adopted as findings of fact by this court, it does not appear from the record that the government ever disputed the petitioner's explanation for his presence in the United States or his description of his family circumstances, some of which was corroborated by the Probation Department in Mr. Adesina's Presentence Investigation Report.

The petitioner's sentencing hearing was held on September 20, 2004, at which time the court determined that a Criminal History Category of II and an adjusted offense level of 21 should be applied, which resulted in a Guidelines range of 41-51 months' imprisonment for the offense to which the petitioner had pleaded guilty.  The petitioner's sentencing took place after the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 738, 160 L. Ed. 2d 621 (2004), but before the Court's decision in <u>Booker</u>.  During that period, significant confusion existed among courts and litigants regarding the constitutionality of the United States Sentencing Guidelines, with much speculation that the Supreme Court would ultimately strike down the Guidelines as violative of the Sixth Amendment to the federal Constitution.  Nevertheless, in accordance with the Second Circuit's ruling in <u>United States v. Mincey</u>, 380 F.3d 102, 106 (2d Cir. 2004), which directed that "until the Supreme Court rules otherwise, the courts of this Circuit will continue fully to apply the Guidelines," this court indicated its intention to apply the Guidelines as mandatory and binding on the court's exercise of discretion in determining Mr. Adesina's sentence, and denied the petitioner's request for a downward departure based on time he served in a Nigerian prison following his deportation.  Mr. Adesina's counsel therefore asked the court to indicate for the record what sentence it would have imposed had the mandatory Guidelines not applied, which prompted the following colloquy:[2]

> MR. MIEDEL: Your Honor, I wonder whether you would also impose an alternative sentence that you would have sentenced him under if the guidelines were found to be unconstitutional?
> THE COURT: Okay.

---

[2] Mr. Adesina was represented at sentencing by Florian Miedel of the Federal Defender's Office. The government was represented by Assistant United States Attorney Roger Burlingame.

>MR. BURLINGAME: It says the defendant will not file a plea or otherwise challenge the conviction or sentence in the event that the Court imposes a term of 57 months or below. So it doesn't seem that --
>THE COURT: United States versus Mincy [sic], as it has been announced in the Second Circuit, obligates those of us who sit in the Circuit to apply the guidelines but if the guidelines are subsequently declared to be unconstitutional and I'm in an indeterminate sentencing mode, I think the statute which Mr. Adesina violated provided for what?
>MR. BURLINGAME: Twenty years is the maximum.
>THE COURT: Zero to 20?
>MR. BURLINGAME: Yes, there is no minimum.
>THE COURT: I would have sentenced Mr. Adesina to the custody of the Bureau of Prisons for a period of 30 months.[3]
>MR. MIEDEL: Thank you.

(Sentencing Tr. at 8). Applying the Guidelines as mandatory, the court sentenced Mr. Adesina to 41 months' imprisonment.

Mr. Adesina appealed his sentence, and in July 2005, the Second Circuit issued an unpublished mandate granting the government's motion to dismiss the appeal on the

---

[3] Even if the court were to reach the merits of Mr. Adesina's petition and decide in his favor, it could not simply replace the 41-month sentence it actually imposed with the 30-month "alternative" sentence it declared at the sentencing hearing. It is clear from the transcript that the hypothetical situation conceived by the parties and the court was one in which the Guidelines had no applicability to sentencing at all, not one in which the Guidelines remain relevant but are regarded as merely advisory, as is the actual state of the law following Booker and the Second Circuit's opinion in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Moreover, the Second Circuit has held that an alternative sentence that a district court stated on the record that it would have imposed in the absence of mandatory Guidelines during the post-Blakely, pre-Booker period cannot be considered "reasonable" in the post-Booker era without remand for further proceedings pursuant to Crosby and United States v. Fagans, 406 F.3d 138 (2d Cir. 2005). See United States v. Lake, 419 F.3d 111 (2d Cir. 2005). In Lake, the Second Circuit held that although the sentencing judge indicated that he would have imposed exactly the same sentence on the defendant regardless of whether the mandatory Guidelines applied, the imposition of sentence under the ostensibly mandatory Guidelines nevertheless could not be excused as harmless error. The Lake court identified three reasons why reliance on an alternative sentence does not obviate the need for re-sentencing in accordance with Booker: "First, the fact that a judge selects a sentence *within* a guideline range that the judge thought he was required to apply does not necessarily mean that the same sentence would have been imposed had the judge understood the Guidelines as a whole to be advisory.... Second, although even before Booker, a sentencing judge was obliged to consider all the factors set forth in 18 U.S.C. § 3553(a), the required use of one of those factors– the Guidelines– rendered of uncertain import the significance of the other factors.... Third, absent the strictures of the Guidelines, counsel would have had the opportunity to urge consideration of circumstances that were prohibited as grounds for a departure." 419 F.3d at 114 (emphasis in original) (citations omitted). See also United States v. Fuller, 426 F.3d 556, 561 (2d Cir. 2005) (holding that "the District Court's method of sentencing in the alternative... was not harmless error.").

5

ground that "the appellant knowingly and voluntarily waived his right to appeal" upon entering into the plea agreement. United States v. Adesina, No. 04-cr-370 (2d Cir. July 8, 2005), cert. denied sub nom. Adesina v. United States, 126 S. Ct. 819, 163 L. Ed. 2d 644 (2005). Mr. Adesina thereafter filed a petition in this court seeking relief under § 2255, asserting that this court's imposition of sentence under the mandatory Guidelines constituted "[a]n error of constitutional magnitude," and requested that the court vacate his earlier sentence and repentance him to the 30-month period contemplated as an "alternative" sentence at the sentencing hearing. (Pet. Br. at 1). The government opposes this petition, arguing that the petitioner's agreement not to appeal "or otherwise challenge... a term of imprisonment of 57 months or below" constitutes a valid waiver of his right to seek relief under § 2255.[4]

## DISCUSSION

While the court is sympathetic to Mr. Adesina's point that, but for its error[5] in imposing a mandatory Guidelines sentence and in assuming that it lacked the authority to impose a non-Guidelines sentence, Mr. Adesina's sentence would likely have been 11 months shorter than the sentence actually imposed, the law as articulated by the Second

---

[4] The government also argues that the petition must be dismissed due to the petitioner's "appellate default." The court is skeptical of that argument, but need not reach its merits because it decides the issue of waiver in the government's favor and disposes of the instant petition on that basis alone.

[5] The court uses the word "error" only to reflect that, with the advantage of hindsight and in light of the Supreme Court's ruling in Booker, the court is now aware of the unconstitutionality of 28 U.S.C. § 3553(b)(1) insofar as it purported to require the court to enter a sentence within the applicable Guidelines range, not to suggest that the court's adherence to the Guidelines was inappropriate at the time of Mr. Adesina's sentencing or to suggest that the court should have acted differently in any way. The court realizes that, being bound by the Second Circuit's then-controlling ruling in Mincey, it was obliged to apply the Guidelines as mandatory until the Supreme Court determined them to be merely advisory in Booker.

Circuit is clear that a knowing and voluntary waiver of a criminal defendant's right to challenge his conviction or sentence under § 2255 is binding in its preclusive effect, even as to constitutional arguments that arise due to subsequent changes in the law that the parties could not have anticipated at the time of the plea agreement.  In fact, the Second Circuit has specifically held on more than one occasion that a knowing and voluntary pre-<u>Booker</u> waiver of the right to appeal a sentence pursuant to a plea agreement is binding on the defendant in a subsequent appeal on <u>Booker</u> grounds.  For example, in <u>United States v. Morgan</u>, 406 F.3d 135, 136 (2d Cir. 2005), the Second Circuit held that for a criminal defendant "who seeks relief from his sentence but did not in a timely fashion seek relief from the underlying plea, an appeal waiver is enforceable and forecloses the right to appeal under <u>Booker/Fanfan</u>."  The <u>Morgan</u> court identified the compelling policy considerations underlying that principle: "[t]he plea agreement process permitted Morgan and the government to allocate risk, to obtain benefits, to achieve finality and to save resources…. If either party were able to secure its benefits while making its obligations contingent, the utility of plea agreements would disappear." <u>Id.</u> at 137.  In light of the plea agreement's role as a risk-allocation mechanism for both parties, the <u>Morgan</u> court concluded that although, at the time he entered into his plea agreement, the appellant could not have anticipated the change in the law subsequently wrought by <u>Booker</u>, "[h]is inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver…. [T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." <u>Id.</u>; <u>see also</u> <u>United States v. Hamdi</u>, 432 F.3d 115, 126 (2d Cir. 2005) ("A general waiver of appeal rights is

7

necessarily elastic, encapsulating even subsequently recognized rights that the defendant was not prophetic enough to foresee."). The court dismissed Morgan's appeal on the ground that the plea agreement waiver was enforceable even in circumstances of a subsequent change in the law that would have been favorable to the defendant had it been in effect at the time of his sentencing.

While Morgan alone is dispositive of the instant petition, the issues raised by the petitioner in this case have been directly addressed in the matter of United States v. Haynes, 412 F.3d 37 (2d Cir. 2005). Haynes was convicted of cocaine possession in the Eastern District of New York after entering into a plea agreement which included a waiver of his right to appeal, and was sentenced to 70 months' imprisonment. At sentencing, Haynes's counsel explicitly preserved an objection to the court's application of the Guidelines as mandatory, and Haynes subsequently appealed his sentence on Booker grounds, arguing that the preservation of the Guidelines issue distinguished his case from the Second Circuit's then-recent opinion in Morgan. The Second Circuit disagreed, reiterating its earlier holding that "the possibility of changes in the law is simply one of the risks allocated by the parties' [plea] agreement." Haynes, 412 F.3d at 39 (citing Morgan, 406 F.3d at 137). The Haynes court dismissed the appeal, holding that "the unconditional waiver of appeal [pursuant to the plea agreement]... allocates the risk of subsequent changes in the law to Haynes. The fact that error was preserved at a sentencing subsequent to this receipt of benefits and allocation of risk does not affect either the receipt or the allocation." Id.

After the Second Circuit dismissed his appeal, Haynes moved for relief under § 2255, again seeking modification of his sentence under the less rigid paradigm

8

established by Booker.  See Haynes v. United States, No. 05-cv-5705, 2006 WL 2583744 (E.D.N.Y. Sept. 7, 2006) (slip copy).  Judge Johnson denied Haynes's motion and dismissed his petition, finding that the plea agreement provision waiving Haynes's right to appeal or "otherwise challenge" his sentence precluded his ability to seek a modification of his sentence under § 2255.  Id. at *2.  The judge noted that "[w]aivers of the right to seek collateral relief under 28 U.S.C. § 2255 are enforceable to the same extent as waivers of direct appeal," id. at *1 (citing Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001)), and determined that "because Petitioner's plea was... knowing and voluntary, and because Trial Counsel was not ineffective, the Plea Agreement waiver bars Petitioner's § 2255 Motion."  Id. at *3.

The issues presented to the court by Mr. Adesina are identical in all material respects to those resolved against the appellant/petitioner in Morgan and Haynes. Charged with a serious felony and faced with substantial evidence against him, the petitioner made a knowing and voluntary decision to waive his constitutional right to a jury trial and to plead guilty to the charge in exchange for certain concessions from the government and in the hopes of a downward departure for acceptance of responsibility at sentencing.[6]  Mr. Adesina enjoyed the benefit of that bargain in the form of a Guidelines sentence that was surely lower than it would have been had he been convicted at trial, while the government benefited by saving resources that would otherwise have been expended in prosecuting the petitioner at trial.  Both parties managed risk by reducing a broad range of possible outcomes to a comparatively narrow

---

[6] Mr. Adesina does not argue that his acceptance of the plea agreement was not knowing and voluntary, or that he did not receive effective assistance of counsel during the plea negotiations or at sentencing, nor does the court see any indication in the record that such an argument could prevail.

range of 41 to 51 months' imprisonment for the charged offense. Although Mr. Adesina's attorney preserved an objection to the application of the Guidelines as mandatory at the sentencing hearing, the Assistant United States Attorney present at that hearing correctly observed that, having entered into and received the benefits of the plea bargain, Mr. Adesina was also bound by the legal obligations imposed upon him by that agreement, including the waiver of his right to appeal or otherwise challenge his sentence in the event that the court imposed a term of imprisonment of 57 or fewer months. Under the well-settled law of the Second Circuit, a valid waiver of the right to appeal or otherwise challenge a sentence is enforceable even as to subsequent changes in the law that were not anticipated at the time the waiver was made. Thus, the court's statement of the alternative sentence that it would have imposed upon Mr. Adesina at the time of his original sentencing, but for its assumption that the court's exercise of discretion was bound by the federal Sentencing Guidelines, does not reinstate a right to seek modification of his sentence that Mr. Adesina had already waived before the alternative sentence was pronounced. Because Mr. Adesina waived his right to challenge his sentence in the underlying criminal case by entering into a binding plea agreement, he is now barred from seeking a modification of that sentence under the more flexible standards articulated by <u>Booker</u>, and his petition must therefore be dismissed.

The final issue to be resolved is whether to grant a certificate of appealability as to this matter. Under 28 U.S.C. § 2553(c)(2), a certificate of appealability may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." Because the issues raised by the petitioner have been addressed

conclusively by the Second Circuit in <u>Morgan</u> and <u>Haynes</u>, the petitioner has made no such showing, and a certificate of appealability shall not issue.

## **CONCLUSION**

After reviewing the parties' submissions and the files and records of the underlying criminal case, which show conclusively that the petitioner is entitled to no relief, it is hereby ordered that Abiodun Adesina's motion to modify his sentence is DENIED, and his petition pursuant to 28 U.S.C. § 2255 is DISMISSED with prejudice. A certificate of appealability shall not be issued.

SO ORDERED.

Dated: Brooklyn, New York
November 15, 2006

_____/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

Abiodun Adesina, <u>pro se</u>

<u>Counsel for the Plaintiff</u>

Roger Burlingame, Assistant United States Attorney

<u>Counsel for the Defendant</u>